# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

| | |
|---|---|
| **DANIEL ZIMBRICH, Individually and for Others Similarly Situated,** | **Case No.** 2:22-cv-894 |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | **FLSA COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **EMPYREAN SERVICES, LLC,** | |
| **Defendant.** | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

1.      Plaintiff Daniel Zimbrich (Zimbrich) brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Empyrean Services, LLC under the Fair Labor Standards Act (FLSA). See 29 U.S.C. § 201 et seq.

2.      Empyrean Services, LLC (Empyrean) failed to pay Zimbrich, and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

3.      Instead, Empyrean pays Zimbrich, and other workers like him, the same hourly rate for all hours worked ("straight time for overtime"), including those in excess of 40 in a workweek.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Empyrean operates in this District and Division and because a substantial portion of the events giving rise to this action occurred in this District.

## THE PARTIES

6.      Zimbrich was an hourly employee of Empyrean.

7.      Zimbrich worked for Empyrean from approximately January 2020 until December 2020.

8.      Zimbrich's consent to be a party plaintiff is attached as **Exhibit A**.

9.      Zimbrich brings this action on behalf of himself and all the class of similarly situated employees or putative class members, properly defined as:

> **All employees working for or on behalf of Empyrean at any time during the last 3 years who were paid the same hourly rate for all hours worked** (Putative Class Members).

10.      Empyrean Services, LLC is a Pennsylvania Corporation doing business throughout the United States. Empyrean may be served by serving its registered agent: Incorp. Services Inc., 227 Woodcliff, Suwanee, GA, 30024.

## COVERAGE UNDER THE FLSA

11.      At all relevant times, Empyrean was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.      At all relevant times, Empyrean was an employer within the meaning of the FLSA.

13.      At all relevant times, Empyrean was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14.      At all relevant times, Empyrean was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

15.     At all relevant times, Empyrean had an annual gross volume of sales made in excess of $1,000,000.

16.     At all relevant times, Zimbrich and the Putative Class Members (defined above) were engaged in commerce or in the production of goods for commerce.

17.     Empyrean uniformly applied its policy of paying its hourly employees, including Zimbrich, straight time for overtime.

18.     Empyrean applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, education, experience or geographic location.

### THE FACTS

19.     Empyrean provides technical consulting services to the energy sector, including to fossil fuel power plants and nuclear power plants. Empyrean's services include construction, engineering, and technical consulting.[1]

20.     Zimbrich worked for Empyrean from approximately January 2020 until December 2020.

21.     Zimbrich worked for Empyrean at the Vogtle Electric Generating Plant in Burke County, Georgia.

22.     Zimbrich was an Electrical Planner for Empyrean.

23.     As an Electrical Planner Electrical Engineer, Zimbrich worked in the field and resolved electrical issues on the jobsite, conducted testing of electrical systems, and worked alongside the maintenance crew to ensure projects were completed according to Empyrean and/or its client's specifications.

─────────────────────

[1] *See* https://empyreanonline.com/overview/services-solutions/services-overview/ (last visited December 7, 2020).

24.     Zimbrich reported the hours he worked to Empyrean on a regular basis.

25.     Zimbrich was not guaranteed a salary.

26.     If Zimbrich worked fewer than 40 hours in a week, he was only paid for the hours works.

27.     Zimbrich regularly worked over 40 hours in a week.  In fact, Zimbrich routinely worked 50 hours per week. The hours Zimbrich and the Putative Class Members (defined above) work are reflected and recorded in Empyrean's pay and time records.

28.     Empyrean never paid Zimbrich overtime but, rather, paid him straight-time-for-overtime.

29.     Empyrean's "straight time for overtime" payment scheme violates the FLSA.

30.     Empyrean was and is aware of the overtime requirements of the FLSA.

31.     Empyrean nonetheless fails to pay certain employees, such as Zimbrich, overtime.

32.     Empyrean's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

33.     Zimbrich incorporates all previous paragraphs and alleges that the illegal pay practices Empyrean imposed on Zimbrich were likewise imposed on the Putative Class Members.

34.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

35.     Numerous other individuals, like Zimbrich, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

36.     Based on his experiences and tenure with Empyrean, Zimbrich is aware that Empyrean's illegal practices were imposed on the Putative Class Members.

37.     The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

38.     Empyrean's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

39.     The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

40.     Zimbrich has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Zimbrich has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

41.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

42.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor laws.

43.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

44.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

45.     The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.   Whether Defendant employed the Putative Class Members within the meaning of the FLSA;

b. Whether Defendant's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

c. Whether Defendant's violation of the FLSA was willful; and

d. Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

46. Zimbrich's claims are typical of the claims of the Putative Class Members. Zimbrich and the Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

47. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

48. The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

49. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSES OF ACTION

### FLSA VIOLATION

50. Zimbrich realleges and incorporates by reference all allegations in the preceding paragraphs.

51. As set forth herein, Empyrean has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

52. Empyrean knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Zimbrich and the Putative Class Members overtime compensation.

Empyrean's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

53.     Accordingly, Zimbrich and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorneys' fees and costs.

54.     Zimbrich and the Putative Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and expenses of this action from Empyrean.

JURY DEMAND

55.     Zimbrich demands a trial by jury

PRAYER

56.     Zimbrich prays for relief as follows:

a.   An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.   For an Order pursuant to Section 16(b) of the FLSA finding Empyrean liable for unpaid back wages due to Zimbrich and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.   For an Order awarding Zimbrich and the Putative Class Members their costs of this action;

d.   For an Order awarding Zimbrich and the Putative Class Members their reasonable attorneys' fees and expenses as provided by the FLSA;

e.   For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:*/s/ Michael A. Josephson*
**Michael A. Josephson**
PA Bar 308410
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor Montgomery**\*
Texas Bar No. 24106326
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tmontgomery@mybackwages.com
*\* Pro Hac Vice application forthcoming*

**AND**

**Richard J. (Rex) Burch**\*
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
*\* Pro Hac Vice application forthcoming*

**AND**

**Joshua P. Geist**
PA Bar 85745
**GOODRICH & GEIST, P.C.**
3634 California Avenue
Pittsburgh, PA 15212
(412) 766-1455 – Telephone
(412) 766-0300 – Facsimile
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**